UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GARY WAYNE SCHWIETER,   )
                        )
    Petitioner,        )  3:07-cv-0092-LRH-VPC
                        )
vs.                     )
                        )
                        )  **ORDER**
MICHAEL BUDGE, *et al.*,   )
                        )
    Respondents.       )
_____/

This is an action on a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. By Order filed March 7, 2007, this Court granted petitioner's application to proceed *in forma pauperis*, directed the petition to be served on respondents, and denied petitioner's motion for the appointment of counsel. (Docket #3).

**I.**    **Motion for Reconsideration (Docket #6)**

On March 16, 2007, petitioner filed a motion for reconsideration of this Court's Order of March 7, 2007. Specifically, petitioner asks this Court to reconsider its denial of petitioner's motion for the appointment of counsel. (Docket #6). On April 19, 2007, petitioner filed a second motion for the appointment counsel, which is an exact duplicate of his first motion, except a change of the signature dates. (Docket #8).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the instant case, petitioner's motion for reconsideration does not set forth facts or law to induce this Court to reverse its prior ruling denying petitioner's motion for the appointment of counsel. Petitioner has not presented newly discovered evidence, has not demonstrated that this Court committed clear error, and has not shown (and indeed cannot show) that there has been an intervening change in the law. Petitioner merely asks the Court to appoint counsel, and submits the same motion for appointment of counsel, verbatim, as his prior motion, which is discussed below. Petitioner's motion for reconsideration is denied.

///

**II.     Petitioner's Second Motion for Appointment of Counsel (Docket #8)**

As noted, petitioner's motion for the appointment of counsel filed April 19, 2007, is the exact same motion that was presented to this Court and denied by Order filed March 7, 2007. The only changes to the motion are the signature dates.

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The petitioner has submitted a lengthy, specific, and well-written federal habeas petition.  Further, petitioner has filed several motions with this Court.  This demonstrates that petitioner is able to understand the issues and present them to this Court. The appointment of counsel is not justified in this case, and the motion shall be denied.

**III.    Respondents' Motion for Enlargement of Time (Docket #10)**

On April 23, 2007, respondents filed a motion for an enlargement of time to respond to the petition for a writ of habeas corpus.  (Docket #10).  On June 6, 2007, respondents filed a motion to dismiss.  (Docket #11).  Good cause appearing, respondents' motion for an enlargement of time is granted, *nunc pro tunc*, such that the motion to dismiss is deemed timely filed.  In due course, the Court will enter an order on the pending motion to dismiss.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (Docket #6) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's second motion for appointment of counsel (Docket #8) is **DENIED.**

///

///

**IT IS FURTHER ORDERED** that respondents' motion for an enlargement of time (Docket #10) is **GRANTED**, *nunc pro tunc*, such that the motion to dismiss (Docket #11) is deemed timely filed.

Dated this 10th day of October, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE